UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| EMANUEL GERARD | CIVIL ACTION |
| VERSUS | NO. 26-00493 |
| SELENE FINANCE LP | SECTION "N" |

## <u>ORDER & REASONS</u>

Before the Court is a motion to remand by Plaintiff Emanuel Gerard.[1] Defendant Selene Finance LP ("Selene") responded in opposition,[2] and Gerard replied in further support of his motion.[3] Having considered the parties' memoranda, the record, and the applicable law, the Court issues this Order & Reasons granting the motion to remand.

## I.    Factual Background

On January 13, 2026, Gerard filed a Verified Petition for Injunctive Relief and Temporary Restraining Order in the Fortieth Judicial District Court for the Parish of St. John the Baptist, Louisiana, against Defendant Selene.[4] The dispute arises from a mortgage serving dispute and threatened foreclosure concerning Gerard's residential property. Gerard is seeking to enjoin any foreclosure while the parties resolve the dispute.[5] Under the heading "Illegal Foreclosure & Defenses," Gerard alleges that "Selene is attempting to enforce a mortgage debt that is not properly

---

[1] Rec. Doc. 7.
[2] Rec. Doc. 11.
[3] Rec. Doc. 12.
[4] Rec. Doc. 3-2.
[5] *Id.*

stated, not properly accounted for, and inflated by unlawful fees"[6]; that "Selene's actions constitute:" dual-tracking under 12 C.F.R. § 1024.41, false regulatory representations, improper foreclosure fee capitalization, payment rejection and manufactured default, and violations of the Real Estate Settlement Procedures Act ("RESPA"), under 12 U.S.C. § 2605[7]; and that "[t]hese violations are legal defenses to executory process and foreclosure under La. C.C.P. art. 2751."[8] Invoking Louisiana Code of Civil Procedure articles 2751 and 3601, Gerard seeks equitable relief to halt foreclosure and prohibit Selene from seeking a writ of seizure or sale. Selene was served with the petition on February 24, 2026.

On March 6, 2026, Selene filed a Notice of Removal with this Court pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, alleging federal-question jurisdiction.[9] Gerard moved to remand the matter pursuant to 28 U.S.C. § 1447(c) on March 16, 2026.[10]

## II.   Law & Analysis

### A. Federal jurisdiction must exist for removal.

A party may remove any civil action from state court to federal court if the federal court has original jurisdiction over the action.[11] Because federal courts are courts of limited jurisdiction, the removal statute is strictly construed, and any doubts or ambiguities are resolved against removal and in favor of remand.[12] "We must

---

[6] *Id.* ¶ 11.
[7] *Id.* ¶ 12.
[8] *Id.* ¶ 13.
[9] Rec. Doc. 1.
[10] Rec. Doc. 7.
[11] 28 U.S.C. § 1441(a).
[12] *Vantage Drilling Co. v. Su*, 741 F.3d 535, 537 (5th Cir. 2014).

presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum."[13] For jurisdictional purposes, the Court must consider the claims in the state court petition as they existed at the time of removal.[14]

District courts have original jurisdiction of all civil actions "arising under the Constitution, laws, or treaties of the United States."[15] This statutory language traces to Article III, section 2 of the Constitution, which sets forth the cases and controversies to which the "judicial Power" of the United States "shall extend." In particular, the federal judicial power extends to "all Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their Authority."[16] The framing history of Article III reveals that the "arising under" jurisdiction emerged from the Constitutional Convention "as a mechanism for ensuring, along with the Supremacy Clause, the proper enforcement of federal law."[17] Otherwise, "the constitution, laws, and treaties[] may receive as many constructions as there are States."[18] Thus, arising under jurisdiction employs the judicial authority of the federal courts to ensure uniform and proper enforcement of federal law.[19] "Although the language of § 1331 parallels that of the 'arising under' clause of Article III, [the Supreme Court] never has held that statutory 'arising under'

---

[13] *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).
[14] *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).
[15] 28 U.S.C. § 1331.
[16] U.S. Const. art. III, § 2.
[17] Anthony J. Bellia Jr., *The Origins of Article III "Arising Under" Jurisdiction*, 57 Duke L.J. 263, 294 (2007).
[18] *Cohens v. Virginia*, 19 U.S. (6 Wheat.) 264, 377 (1821).
[19] *See id.* at 415.

jurisdiction is identical to Article III 'arising under' jurisdiction."[20] Indeed, while the "arising under" provision of Article III "may extend to all cases in which a federal question is 'an ingredient' of the action, [the Supreme Court has] long construed the statutory grant of federal-question jurisdiction as conferring a more limited power.'"[21]

Under § 1331, "[a] federal question exists 'only [in] those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'"[22] In most cases, federal-question jurisdiction is invoked because the plaintiff "plea[ds] a cause of action created by federal law," such as a claim under 42 U.S.C. § 1983.[23] A district court thus can exercise jurisdiction if it "appears from the [complaint] that the right to relief depends upon the construction or application of [federal law]."[24] Nevertheless, a state-law claim may arise under federal law where the "state-law claim necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities."[25] This test emerges from a long line of precedent in which the Supreme Court has "confined federal-question jurisdiction over state-law claims to

---

[20] *Verlinden B.V. v. Central Bank of Nigeria*, 461 U.S. 480, 494 (1983).
[21] *Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804, 807 (1986) (internal citation omitted); *see also Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 320 n.* (2005) (Thomas, J., concurring) ("This Court has long construed the scope of the statutory grant of federal-question jurisdiction more narrowly than the scope of the constitutional grant of such jurisdiction.").
[22] *Singh v. Duane Morris LLP*, 538 F.3d 334, 337-38 (5th Cir. 2008) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983)) (alteration in original).
[23] *Grable*, 545 U.S. at 312.
[24] *Smith v. Kansas City Title & Trust Co.*, 255 U.S. 180, 199 (1921).
[25] *Grable*, 545 U.S. at 314.

those that 'really and substantially involv[e] a dispute or controversy respecting the validity, construction or effect of [federal] law.'"[26] "[F]ederal jurisdiction demands not only a contested federal issue, but a substantial one, indicating a serious federal interest in claiming the advantages thought to be inherent in a federal forum."[27] If a claim passes this test, the court still must evaluate whether exercising federal jurisdiction is "consistent with congressional judgment about the sound division of labor between state and federal courts."[28]

In short, "federal question jurisdiction exists where (1) resolving a federal issue is necessary to resolution of the state-law claim; (2) the federal issue is actually disputed; (3) the federal issue is substantial; and (4) federal jurisdiction will not disturb the balance of federal and state judicial responsibilities."[29]

### B. Remand is appropriate because Gerard's claims do not arise under federal law.

Gerard argues that this Court lacks federal-question jurisdiction over his petition because he seeks purely state law equitable relief. He posits that his petition does not assert a federal cause of action; rather, federal laws are referenced only as servicing standards and defenses to foreclosure.[30] Selene counters that the petition asserts federal claims on its face, and resolution of the suit necessarily involves a substantial question of federal law.[31]

---

[26] *Id.* at 313 (quoting *Shulthis v. McDougal*, 225 U.S. 561, 569 (1912)) (alterations in original).
[27] *Id.*
[28] *Id.*
[29] *Singh*, 538 F.3d at 338.
[30] *See* Rec. Doc. 7 at 2.
[31] *See* Rec. Doc. 11 at 3-4.

A plain reading of the petition shows that it asserts no federal cause of action. Gerard does not seek relief under RESPA or any other federal law; instead, the complaint alleges Selene engaged in RESPA violations and dual tracking, among several other improper actions, in the context of a Louisiana-based wrongful foreclosure process.[32] While federal law provides for a private right of action for dual tracking, this is not a case in which the plaintiff has asserted such a violation as an independent cause of action or sought recovery for the violation under 12 U.S.C. § 2605(f).[33]

Gerard references dual tracking and RESPA violations in alleging that Selene violated certain standards of conduct that provide a defense against foreclosure under state law. The petition states that jurisdiction arises under Louisiana Code of Civil Procedure article 2751, which allows a defendant in an executory proceeding to arrest the seizure and sale of property by injunction in defined circumstances, and article 3601, which authorizes issuance of an injunction where irreparable injury, loss, or damage may otherwise result to the applicant. The prayer for relief seeks only injunctive and equitable remedies. The petition does not seek damages or other relief under any federal law.

---

[32] "Dual tracking" refers to "situations in which the lender actively pursues foreclosure while simultaneously considering the borrower for loss mitigation options." *Gresham v. Wells Fargo Bank, N.A.*, 642 Fed. App'x 355, 359 (5th Cir. 2016) (citing 12 C.F.R. § 1024.41).

[33] *Cf. Jones v. Select Portfolio Servicing, Inc.*, 2016 U.S. Dist. LEXIS 153516, 2016 WL 6581279, at *5 (N.D. Tex. Oct. 12, 2016) ("Plaintiff does not merely mention these violations as proof that Defendants violated some other state law cause of action"; "Plaintiff alleges these violations as independent causes of action."), *rec. adopted*, 2016 U.S. Dist. LEXIS 153001, 2016 WL 6566538 (N.D. Tex. Nov. 3, 2016).

"State courts frequently handle state-law consumer protection suits that refer to or are predicated on standards set forth in federal statutes."[34] There is a "long-settled understanding that the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction."[35] Unlike in *Grable*, where the interpretation of federal law was not only an essential element of the plaintiff's claim but the only legal or factual issue contested in the entire case,[36] the interpretation of RESPA or dual tracking is not a necessary element of Gerard's claims and certainly does not create a substantial federal issue. The petition alleges a number of improper actions as a defense to foreclosure, including false regulatory representations and improper foreclosure fee capitalization, that do not require adjudication of federal law to provide the requested relief.

This Court joins numerous other courts to hold that allegations that a defendant breached duties imposed by RESPA as part of their state-law claims do not raise a substantial federal issue.[37] To find federal-question jurisdiction for the state-law foreclosure process at issue here would ignore the Supreme Court's warning in *Merrell Dow* against opening the floodgates to the garden variety state laws that commonly adopt standards from federal law. Foreclosure is a state-centric process.

---

[34] *Nevada v. Bank of America Corp.*, 672 F.3d 661, 676 (9th Cir. 2012) (citing *Grable*, 545 U.S. at 319); *see also Merrell Dow*, 478 U.S. at 817.

[35] *Merrell Dow*, 478 U.S. at 813; *see also MSOF Corp. v. Exxon Corp.*, 295 F.3d 485, 490 (5th Cir. 2002) (mere reference to violation of federal law in a complaint alleging state-law claims "does not suffice to render the action one arising under federal law").

[36] *Grable*, 545 U.S. at 315.

[37] *See, e.g.*, *Milutinovic v. Bank of America, N.A.*, 2026 U.S. Dist. LEXIS 40047, 2026 WL 539137 (W.D. Wash. Feb. 26, 2026); *Hyde v. USAA Fed. Sav. Bank*, 2015 U.S. Dist. LEXIS 54438, 2015 WL 1893149 (N.D. Tex. Apr. 27, 2015); *Brewster v. Nationstar Mortg., LLC*, 2013 U.S. Dist. LEXIS 175625, 2013 WL 6501261 (N.D. Tex. Dec. 10, 2013).

Moving the dispute to federal court would disturb the balance of federal and state judicial responsibilities and invite federal courts to entangle themselves in an area of the law that has long been the province of the states.[38]

### C. Fee shifting is not warranted.

Finally, the Court declines to award fees and costs pursuant to 28 U.S.C. § 1447(c). This fee-shifting provision acts to "reduce[] the attractiveness of removal as a method for delaying litigation and imposing costs on the plaintiff."[39] Accordingly, the "appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied."[40] "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal."[41] The Court finds no grounds for shifting fees and costs under these standards. There is no evidence that the defendant sought to delay the proceedings, and the petition's reference to federal standards provided an objectively reasonable basis for seeking removal.

### III.   Conclusion

Accordingly,

---

[38] *See Honeyman v. Hanan*, 302 U.S. 375, 378 (1937).

[39] *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140 (2005).

[40] *Id.*

[41] *Id.* at 141.

**IT IS ORDERED** that the motion for remand is **GRANTED**. This matter is remanded to the 40th Judicial District Court for the Parish of St. John the Baptist, State of Louisiana. Plaintiff's request for an award of costs and expenses is **DENIED**.

New Orleans, Louisiana, this 18th day of May, 2026.

_____
ANNA ST. JOHN
UNITED STATES DISTRICT JUDGE